United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Cody Wade, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-22619-Civ-Scola |
| | ) |
| City of Miami Beach and others, Defendants. | ) |

## Order on Motion to Dismiss

This matter is before the Court on the Defendant City of Miami Beach's (the "City") motion to dismiss Count III of the complaint. (ECF No. 18.) The Plaintiff filed an opposition (ECF No. 19), and the City filed a reply (ECF No. 20). After careful consideration of the parties' briefs and the relevant legal authorities, the Court **grants** the City's motion to dismiss Count III. (**ECF No. 18**.)

### 1. Background

In late June 2019, Cody Wade was stopped by police outside of a nightclub in Miami Beach. (ECF No. 1 at ¶ 14.) The police had been called by the nightclub, as Wade may have been trespassing there. (*Id.* at ¶¶ 14–15.) After a discussion, Officers Garcia and Rodriguez let Wade go on his way; however, Wade had not yet crossed the street when Officer Garcia grabbed him and forced him to the ground. (*Id.* at ¶¶ 16–17.) While Wade was on the ground, Officer Rodriguez struck him on the head five times until he lost consciousness. (*Id.* at ¶¶ 18–19.) Wade was not immediately given medical attention, although he was later transported by ambulance to the hospital. (*Id.* at ¶¶ 20–22.)

### 2. Legal Standard

#### A. Motion to Dismiss

A court considering a motion to dismiss must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### B. Municipal Liability Under 42 U.S.C. § 1983

Any person acting under the color of state law who violates a constitutional right of another is liable for the injured party's losses. *See* 42 U.S.C. § 1983. Moreover, this liability applies to a municipality when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[.]" *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 694 (1978). However, there are limits on this liability. "[A] municipality cannot be subjected to § 1983 liability based upon theories akin to respondeat superior[;] . . . only deprivations arising from municipal custom or policy can result in municipal liability." *Anderson v. City of Atlanta*, 778 F.2d 678, 685 (11th Cir. 1985) (internal citations omitted) (citing *Monell*, 436 U.S. at 694). In other words, "[w]hen an injury is inflicted as the result of governmental policy or custom, the government is responsible under § 1983." *Id.*

In particular, to adequately state a claim for municipal liability under § 1983, a plaintiff must plead (1) that their constitutional rights were violated, (2) the municipality had a "custom or policy that constituted deliberate indifference to that constitutional right," and (3) that policy or custom caused the violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). And to allege a "custom or policy," a plaintiff must plead either "(1) an officially promulgated policy or (2) an unofficial custom of practice shown through the repeated acts of a final policymaker for the county." *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1329 (11th Cir. 2003). To meet the "deliberate indifference" standard, a plaintiff must allege that "the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998).

### 3. Analysis

Wade's complaint does not state a claim for municipal liability under § 1983, as it does not allege a "custom or policy." As an initial matter, Wade has not alleged an officially promulgated policy. Rather, Wade alleges that the City has an "unwritten policy or custom." (ECF No. 19 at 4.) An unwritten policy can constitute an unofficial custom, but it cannot be considered an

"officially promulgated policy." *See Grech*, 335 F.3d at 1329. As Wade fails to identify any officially established policy in Miami Beach, the Court holds that Wade has failed to allege an official policy. *See Moore v. Miami-Dade Cnty.*, 502 F. Supp. 2d 1224, 1231 (S.D. Fla. 2007) (Gold, J.) (holding that the plaintiff failed to plead an official policy by not identifying "any County ordinance, resolution, or administrative order").

Therefore, Wade may only proceed against the City by alleging "an unofficial custom or practice . . . shown through repeated acts of a final policymaker[.]" *Id.* at 1230 (quoting *Grech*, 335 F.3d at 1329). This custom must be a "widespread practice that . . . is so permanent and well settled as to constitute a custom or usage with the force of law." *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991) (cleaned up) (quoting *St. Louis v. Proprotnik*, 485 U.S. 112, 127 (1988)). As the custom must be widespread and repeated, "random acts or isolated incidents are insufficient to establish a custom[.]" *Depew v. City of St. Marys*, 787 F.2d 1496, 1499 (11th Cir. 1986); *see also Casado v. Miami-Dade Cnty.*, 340 F. Supp. 3d 1320, 1328 (S.D. Fla. 2018) (O'Sullivan, M.J.) ("[T]he plaintiff must allege a 'pattern' of excessive force including specific facts of numerous incidents[.]"). To establish a pattern, the plaintiff must show other incidents involving facts "substantially similar to the case at hand." *See Bowe v. City of Hallandale Beach*, No. 0:16-CIV-60993, 2017 WL 5643304, at *5 (S.D. Fla. Aug. 7, 2017) (Dimitrouleas, J.); *see also Gurrera v. Palm Beach Cnty. Sheriff's Office*, 657 F. App'x 886, 893 (11th Cir. 2016) ("A pattern of similar constitutional violations is ordinarily necessary.") (cleaned up) (quoting *Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310 (11th Cir. 2011)). Moreover, the plaintiff must allege that the final policymaker for the county "know[s] about [the custom] but failed to stop it." *Brown*, 923 F.2d at 1481.

Wade has not adequately alleged a repeated, widespread unofficial custom sufficient to survive a motion to dismiss. Merely alleging that the City has such a widespread practice is not sufficient. *See Sanchez v. Miami-Dade Cnty.*, No. 06-21717-CIV, 2007 WL 1746190, at *3 (S.D. Fla. Mar. 28, 2007) (King, J.) (holding that unsupported "vague allegation[s]" are not sufficient to plead an official custom or practice). Indeed, words on a page, alone, do not create truth or permit an inference of truth. *See Iqbal*, 556 U.S. at 678 (holding that the plaintiff must plead factual content to permit a court to "draw the reasonable inference" that the defendant is liable).

In an attempt to show a repeated pattern and demonstrate that the City was on notice, Wade points to three news articles, alleging that these articles demonstrate a "history of reports of excessive use of force incidents" and a

"history of misconduct of its officers." (ECF No. 14 at ¶¶ 77–78 & n.1–2.) The news articles detail the following facts:

    (1) In 2010, the ACLU sued the City and two police officers, alleging a practice of targeting gay men and arresting those who observe or document police misconduct;

    (2) In 2015, the City suspended a detective for multiple violent confrontations; and

    (3) In 2018, an unidentified Miami Beach officer used profanity and wished harm to individuals riding motorbikes.

(*See* ECF No. 14 at ¶¶ 77–78 & n.1–2.)

These articles fail to permit a reasonable inference of widespread practices "so permanent and well settled as to constitute a custom or usage with the force of law." *Brown*, 923 F.2d at 1481. Rather, these are three largely outdated, isolated incidents. *See Depew*, 787 F.2d at 1499. Moreover, the articles largely do not concern conduct similar to the conduct alleged here—the failure of the City to adequately train and supervise employees in order to prevent the unlawful use of violent force and the City's failure to adequately investigate and punish the use of excessive force. (ECF No. 1 at ¶¶ 24–25, 72–73.) The first article involves an eleven-year-old allegation that the City unlawfully targeted and arrested gay men who observed and reported police misconduct, and the third article involves a three-year-old incident in which an officer yelled inappropriate profanities and did not otherwise use force. While the second article involves the alleged use of unlawful force, the activities by one officer six years ago cannot raise an inference of a widespread custom.

Moreover, other than the three articles discussed above, Wade does not allege any facts concerning the City's alleged failure to hire, train, or supervise in a manner that is tantamount to deliberate indifference. *See Sanchez*, 2007 WL 1746190, at *2 (holding that an "allegation that the county did not train and supervise its officers with no specifics is not sufficient" to plead a widespread custom). To survive a motion to dismiss, a plaintiff must allege facts permitting an inference that the City knew of a need to train or supervise but made a deliberate choice not to do so. *See Gold*, 151 F.3d at 1350. This requires alleging either actual knowledge or multiple similar incidents, which permit an inference of such knowledge and apathy. *See Rivas v. Figueroa*, No. 11-23195-Civ, 2012 WL 1378161, at *1, 3 (S.D. Fla. Apr. 20, 2012) (Scola, J.) (denying motion to dismiss where the plaintiffs alleged "in great detail, sixteen alleged instances" of officers who engaged in similar conduct and received no disciplinary action); *Vasquez v. City of Miami Beach*, 895 F. Supp. 2d 1275, 1277–78 (S.D. Fla. 2012) (denying motion to dismiss where the plaintiff alleged facts relating to thirty-eight incidents involving excessive force). In total, Wade

argues that the City's need to train and supervise is "obvious" and that the City's failure to do so can be inferred by "an environment where excessive force repeatedly takes place." (ECF No. 19.) However, Wade neither alleges facts regarding the City's training or supervising nor pleads facts permitting an inference of the City's failure to train, supervise, or investigate.[1] For this reason, Wade has not adequately pled a "custom or policy that constituted deliberate indifference[.]" *McDowell*, 392 F.3d at 1289.

### 4. Conclusion

For the reasons stated above, the Court **grants** the City's motion to dismiss Count III of the complaint (**ECF No. 18**). Moreover, while Wade requested leave to amend if the Court granted the motion to dismiss (ECF No. 19 at 8), such request is improper and denied. *See Mandala v. Tire Stickers, LLC*, 829 F. App'x 896, 902–03 (11th Cir. 2020); *see also Newton v. Duke Energy Florida, LLC,* 895 F.3d 1270, 1277 (11th Cir. 2018) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.").

**Done and ordered** in Miami, Florida, on October 5, 2021.

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] Furthermore, Wade has not identified any City official or policymaker who "openly or tacitly approved of the alleged actions of the police officers[.]" *Sanchez*, 2007 WL 1746190, at *3.